| ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NUMBER |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| **David M. Nickless, Trustee** | **Guy M. Babineau, individually and as Executor of the Estate of Lucille Babineau; Theresa Babineau; Steven McIntosh; Tina Babineau a/k/a Tina Jodrie; and TD BankNorth, N.A.** |
| ATTORNEY (Firm Name, Address, and Telephone No.)<br>Brian R. Goodwin, Esq.<br>Nickless and Phillips, PC<br>625 Main Street<br>Fitchburg, MA 01420 | ATTORNEY (Firm Name, Address, and Telephone No.) |
| PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>**x Trustee** | PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor **x Other**<br>☐ Trustee |

CAUSE OF ACTION: (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is an action seeking marshalling, contribution, and indemnification from joint judgment debtors

## NATURE OF SUIT
(Number of up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11- Recovery of money/property - § 542 turnover of property
☐ 12- Recovery of money/property - § 547 preference
☐ 13- Recovery of money/property - § 548 fraudulent transfer
☐ 14- Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale Property**
☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 – Objection/ revocation of discharge § 727 (c),(d),(e)

**FRBP 7001 (5) Revocation of Confirmation**
☐ 51 – Revocation of Confirmation

**RFBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1), (14), (14a) priority tax claims
☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 – Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63- Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce of separation obligation (other than domestic support)
☐ 65 – Dischargeability - other

**FRBP 7001 (7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
☐ 72 – Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 – Subordination of claim or interest

**FRBP 7001 (9) Declaratory Judgment**
☐ 91 – Declaratory Judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 – Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et. seq.*
**x 02 – Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)**

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**Wayne G. Lord**<br>**Charlene M. Lord** | BANKRUPTCY CASE NUMBER<br>**06-42451-HJB** | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Western Division | NAME OF JUDGE<br>**Henry J. Boroff** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Brian R. Goodwin, Esq. | | |
| DATE:  03/20/2008 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Brian R. Goodwin, Esq. | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re<br>Wayne G. Lord<br>Charlene M. Lord<br>    Debtor(s) | Chapter 7<br>No. 06-42451-HJB |
| David M. Nickless, Trustee,<br>    Plaintiff<br><br>v.<br><br>Guy M. Babineau, individually and as Executor of the Estate of Lucille Babineau; Theresa Babineau; Steven McIntosh; Tina Babineau a/k/a Tina Jodrie; and TD BankNorth, N.A.,<br>    Defendants | Adv. Pro.<br>No. 08- |

**COMPLAINT**

I.    Jurisdiction & Parties

This matter is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. Sec. 1334. Venue is proper in this Court pursuant to 28 U.S.C Sec. 1409(a).

1.    Wayne G. Lord and Charlene M. Lord (hereinafter referred to collectively as "the Debtors") filed a petition for relief under Chapter 13 of the Bankruptcy Code on August 16, 2005. The case was converted to one under Chapter 7 on July 9, 2007.

2.    David M. Nickless is the duly appointed Chapter 7 successor Trustee (hereinafter "the Trustee").

3.    The Defendants, Guy Babineau and Theresa Babineau (hereinafter referred to collectively as "the Babineaus"), are individuals residing at 5 Barton Street, Salem, Essex County, Massachusetts 01970 (hereinafter "the Salem Property").

4.    The Defendant, Steven McIntosh is an individual with a last known address of 167 Main Street, Peabody, Essex County, Massachusetts 01960.

5. The Defendant, Tina Babineau a/k/a Tina Jodrie, (hereinafter, "Tina Babineau") is an individual residing at 40 Derby Street, Salem, Essex County, Massachusetts 01970.

6. The Defendant, TD BankNorth, N.A., f/k/a Banknorth, N.A. (hereinafter "BankNorth") is a banking and financial services company headquartered in Portland, Maine, doing business in the Commonwealth of Massachusetts.

## II. Introduction

7. This is an action seeking marshalling, contribution, and indemnification from joint judgment debtors.

8. On or about November 27, 1995, Warren Five Cents Savings Bank, the predecessor-in-interest to BankNorth recovered a judgment in the amount of $71,889.23 against the Debtors; the Babineaus; Steven McIntosh; Tina Babineau; and another.[1] A true and accurate copy of the Order and Judgment, Essex Superior Court Civil Action No. 95-1552, is attached hereto as Exhibit A and shall be referred to as the BankNorth Judgment. By way of its proof-of-claim, BankNorth alleges the judgment has accumulated to over $183,000.

9. Two funds exist from which BankNorth may satisfy its judgment. These funds consist of assets of the bankruptcy estate and assets outside of the bankruptcy estate. The Trustee seeks relief that includes an order that would require BankNorth to satisfy its judgment from assets outside of the bankruptcy estate

## III. Statement of Facts

10. The assets of the Debtors' bankruptcy estate include a 1/4 beneficial interest in real estate located at 405 Richibuctou Village, New Brunswick, Canada (hereinafter the New Brunswick Property) and a 1/4 interest as tenants in common in Apartment Number 207 in Seminole Garden Apartments No. 15-D in Seminole, Florida (hereinafter the Seminole Property). A true and accurate copy of Schedule A of the Debtors' Bankruptcy Petition is attached hereto as Exhibit B.

11. Pursuant to the BankNorth Judgment, all of the Defendants were "enjoined from selling, leasing, conveying, mortgaging or encumbering any and all real estate to which they have an interest, legal or beneficial, located in the Commonwealth of Massachusetts or in Canada until such time as the Judgment and Execution issued by this Court are satisfied in full."

12. On or about August 14, 2003, Henri Babineau, as Trustee of Five Barton Street Salem Realty Trust, transferred the Salem Property to the Babineaus for $100,422.33. A true and accurate copy of the Quitclaim Deed referencing this transaction and recorded with the Essex South District Registry of Deeds at Book 21710, Page 101, is attached hereto as Exhibit C.

---

[1] Henri Babineau as Trustee of The Babineau Family Trust. Upon information and belief, Henry Babineau is deceased.

13.     On August 29, 1996, Warren Five Cents Savings Bank attached the Salem Property in the amount of $80,000.00. A true and accurate copy of the Writ of Attachment recorded with the Essex South District Registry of Deeds at Book 13730, Page 462, is attached hereto as Exhibit D.

14.     On or about October 17, 2006, the Babineaus entered into a Stipulation with BankNorth pursuant to which the Babineaus agreed to restrain from transferring or encumbering any interest in the Salem Property. A true and accurate copy of the Stipulation Agreement is attached hereto as Exhibit E.

IV.     Causes of Action

COUNT I
MARSHALLING

15.     The Trustee restates and re-alleges paragraphs 1 – 14 as though fully stated herein.

16.     The Trustee has the status of a junior lienholder and/or a hypothetical judicial lien creditor under Section 544 of the U.S. Bankruptcy Code.

17.     BankNorth is a judgment lien holder and a secured creditor.

18.     Property of the Debtors' bankruptcy estate may be used to satisfy debts held by BankNorth and the Debtors' creditors, and therefore, the Debtors' estate is a common debtor for marshalling purposes.

19.     The Trustee, in the administration of the Debtors' bankruptcy estate, is limited in satisfying the claims of the creditors to the property of the bankruptcy estate, whereas BankNorth may look to a pool of assets from the BankNorth Defendants, including, but not limited to, the Salem Property.

20.     The Trustee will be prejudiced in the administration of the Debtors bankruptcy estate if BankNorth enforces its asserted interests solely against the property of the bankruptcy estate, including but not limited to, the New Brunswick Property and the Seminole Property, rather than looking to the entirety of the pool of assets of the BankNorth Defendants; whereas BankNorth will not be prejudiced by being required to pursue its judgment upon the Salem Property, and / or other property of the non-debtor BankNorth Defendants.

WHEREFORE, the Trustee respectfully requests:

1.     Judgment be entered for the Trustee on Count I;

2.     That BankNorth and the non-debtor BankNorth Defendants appear and present their claims, including but not limited to their interest in the Salem Property.

3.     That BankNorth be ordered to exhaust its security interest in assets outside of the bankruptcy estate before seeking to satisfy its judgment from assets of the bankruptcy estate.

4.  That the rights of the Defendants be determined by this Court.

5.  For such other and further relief as this Court deems just and proper.

## COUNT II
## CONTRIBUTION

21. The Trustee restates and re-alleges paragraphs 1 – 20 as though fully stated herein.

22. BankNorth has filed a proof of claim against the Debtors for the claim set forth in the BankNorth Judgment.

23. In the event that BankNorth recovers against the Debtors on the BankNorth Judgment, the non-debtor BankNorth Defendants are liable to contribute to the amount so found due.

WHEREFORE, the Trustee respectfully requests:

1.  Judgment be entered for the Trustee on Count II;

2.  For such other and further relief as this Court deems just and proper.

## COUNT III
## INDEMNIFICATION

24. The Trustee restates and re-alleges paragraphs 1-23 as though fully stated herein.

25. The Debtors' bankruptcy estate is entitled to indemnification from the non-debtor BankNorth Defendants.

WHEREFORE, the Trustee respectfully requests:

1.  Judgment be entered for the Trustee on Count III;

2.  For such other and further relief as this Court deems just and proper.

/s/ Brian R. Goodwin
David M. Nickless, Trustee, BBO No. 371920
Brian R. Goodwin, Esq., BBO No. 657251
Nickless and Phillips, PC
625 Main Street
Fitchburg, MA 01420
978-342-4590
bgoodwin.nandp@verizon.net

# EXHIBIT A

/5

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.
SUPERIOR COURT
CIVIL ACTION NO. 95-1552

WARREN FIVE CENTS SAVINGS BANK, )
    Plaintiff )
)
v. )
)
HENRY BABINEAU, TRUSTEE OF )
BABINEAU FAMILY TRUST, ) ORDER + Judgment
HENRY BABINEAU, )
LUCILLE BABINEAU, )
STEVEN McINTOSH, )
CHARLENE LORD, )
TINA BABINEAU a/k/a TINA McINTOSH, )
and WAYNE G. LORD, )
    Defendants )

Notice being provided to all parties, and after a hearing in which all parties were present, it is hereby ORDERED and ADJUDGED that Judgment enter on behalf of plaintiff, Warren Five Cents Savings Bank and against the defendants, Henry Babineau, Trustee of Babineau Family Trust, Henry Babineau, Lucille Babineau, Steven McIntosh, Charlene Lord, Tina Babineau a/k/a Tina McIntosh and Wayne G. Lord in the amount of $71,889.23, together with costs.

By the Court,

Entered: Nov. 27, 1995

BORENSTEIN, J.

/16

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                        SUPERIOR COURT
                                             CIVIL ACTION NO. 95-1552 A

WARREN FIVE CENTS SAVINGS BANK, )
    Plaintiff )
)
v. )
)
HENRY BABINEAU, TRUSTEE OF )
BABINEAU FAMILY TRUST, )     ORDER r Judgment
HENRY BABINEAU, )
LUCILLE BABINEAU, )
STEVEN McINTOSH, )
CHARLENE LORD, )
TINA BABINEAU a/k/a TINA McINTOSH, )
and WAYNE G. LORD, )
    Defendants )

    Notice being provided to all parties, and after a hearing in which all parties were able to be heard, it is hereby ORDERED and ADJUDGED that the defendants, Henry Babineau, Trustee of Babineau Family Trust, Henry Babineau, Lucille Babineau, Steven McIntosh, Charlene Lord, Tina Babineau a/k/a Tina McIntosh and Wayne G. Lord and their agents, servants, employees, attorneys and those persons in active concert or participation with them who receive notice of this Order, are hereby enjoined from selling, leasing, conveying, mortgaging or encumbering any and all real estate to which they have an interest, legal or beneficial, located in the Commonwealth of Massachusetts or in Canada until such time as the Judgment and Execution issued by this Court are satisfied in full.

                                           By the Court,

Entered: Nov. 27, 1995               _____, J.
                                           BORENSTEIN

11/28/95
J.G.
D.J.L.
W.G.L.
H.B.
L.B.
S.M.
C.L.  T.M.
T.Baka

# EXHIBIT B

Case 06-42451    Doc 124    Filed 03/20/08    Entered 03/20/08 08:57:32    Desc Main
Document      Page 10 of 20

12/21/06 5:20PM

Form B6A
(10/05)

In re  **Wayne G Lord,**
       **Charlene M Lord**

Case No. __06-42451__

Debtors

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Home** Location: 245 Lowell Street, Methuen MA | Tenants by Entirety | J | 300,000.00 | 161,491.00 |
| **Single Family Home** 405 Richibuctou Village New Brunswick, Canada | 1/4 Beneficial interest in trust | W | 0.00 | 0.00 |
| **1 Bedroom Condo** Seminole, FL | 1/4 interest as tenant in common | W | 0.00 | 0.00 |

|  |  |
|---|---|
| Sub-Total > | 300,000.00   (Total of this page) |
| Total > | 300,000.00 |

__0__ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2006 - Best Case Solutions - Evanston, IL - (800) 492-8037                                Best Case Bankruptcy

# EXHIBIT C





2003090800692 Bk:21710 Pg:101
09/08/2003 15:04:00 DEED Pg 1/2

## QUITCLAIM DEED

**Henry Babineau, Trustee of Five Barton Street Salem Realty Trust** under Declaration of Trust dated May 29, 1987, and recorded with Essex South District Registry of Deeds at Book 8991, Page 410, of Richibouctou, New Brunswick, Canada, for <u>One Hundred Thousand Four Hundred Twenty-Two and 23/100 Dollars ($100,422.33)</u>

consideration paid, grants to **Guy M. Babineau and Teresa M. Babineau**, husband and wife as tenants by the entirety, of 5 Barton Street, Salem, Massachusetts, with **QUITCLAIM COVENANTS**,

The land in said Salem, together with the buildings thereon, situated on 5 Barton Street, bounded and described as follows:

SOUTHWESTERLY    by Barton Street, fifty-two and twenty-three hundredths (52.23) feet, be the same more or less;

NORTHWESTERLY    by lands now or formerly of Ward Estate, Dearborn, Very Estate and Edgerly, one hundred sixty-nine (169) feet, be the same more or less;

NORTHEASTERLY    by lands now or formerly of Schollar and Fernanrd, fifty-five and eighteen hundredths (55.18) feet, be the same more or less; and

SOUTHWESTERLY    by land now or formerly of Harrington previously McNulty one hundred fifty-two and forty hundredths (152.40) feet to the point of beginning.

Containing by estimation 8,423 square feet.

For my title see deed of Albert J. Belisle and Alicia-Fe A. Belisle, dated May 29, 1987, and recorded with Essex South District Registry of Deeds at Book 8991, Page 419.

Return to:
Guy M. Babineau and Teresa M. Babineau
5 Barton Street
Salem, Massachusetts 01970

2003090800692 Bk:21710 Pg:102
09/08/2003 15:04:00 DEED Pg 2/2

WITNESS my hand and seal this ___14th___ day of August, 2003.

_____
Henry Babineau, Trustee of Five Barton Street
Salem Realty Trust as aforesaid

~~STATE OF~~ _Province of New Brunswick_

Kent _____, ss.    August _14_, 2003

Then personally appeared the above-named Henry Babineau, Trustee of Five Barton Street Salem Realty Trust and acknowledged the foregoing instrument as his free act and deed as aforesaid Trustee, before me,

_____
Notary Public
~~My commission expires:~~

[Seal: JOSEPH C. ROBICHAUD, NOTARY PUBLIC / NOTAIRE, NOUVEAU-BRUNSWICK / NEW BRUNSWICK]

Address of Premises: 5 Barton Street, Salem, Massachusetts

Return to:
Guy M. Babineau and Teresa M. Babineau
5 Barton Street
Salem, Massachusetts 01970          2

# EXHIBIT D

10

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 96-1726

Warren Five Cents Savings Bank Plaintiff(s)

v.

Henry Babineau + Lucille Babineau Defendant(s)

**Special WRIT OF ATTACHMENT** · The Right Title and Interest of The Defendants in any Beneficial Interest in Five Barton Street Salem Realty Trust

...To the sheriffs of our several counties or their deputies:

We command you to attach the goods or estate of defendants Henry Babineau + Lucille Babineau and Henry Babineau + Lucille Babineau Standing in the name of Henry Babineau of , to the value of $ 80,000 (the amount authorized), as prayed for by plaintiff Warren Five Cents Savings Bank, of Peabody, Massachusetts, whose attorney is David J. Gallagher of Rumnic Sterns Osborne, of 401 Edgewater Place, Wakefield, Massachusetts, in an action brought by said plaintiff against said defendant in the Superior Court for Essex. County, and make due return of this writ with your doings thereon.

The complaint in this case was filed on 8-20, 1996. This attachment was approved on 8-27-, 1996, by Grasso, J., in the amount of $ 80,000 as Trustee of The Five Barton Street Salem Realty Trust

Robert J. Mulligan
Witness, John J. Irwin, Jr., Esquire, at Salem, the
27 day of August in the year of
our Lord one thousand nine hundred and Ninety-Six

_signature_
Ass't Clerk

NOTE:
1. This writ of attachment is issued pursuant to Rule 4.1 of the Massachusetts Rules of Civil Procedure.

A TRUE COPY ATTEST:
Deputy Sheriff

OFFICE #24

# Commonwealth of Massachusetts

BK 13730 PG 463

Essex, SS       Salem...... August 29th ............... A.D. 19 96 ..... @ ........ 8:35 A.M

By virtue of this writ, I this day attached all the right, title and interest which the within named defendant .........

..Henry Babineau & Lucille Babineau................................................

has in and to any and all real estate within the Southern.............................District of Essex; and, I also at the same time specifically attach all the right, title and interest which the above named have in on to the following described real estate:

The land in said Salem, together with the buildings thereon, situated on 5 Barton Street, bounded and described as follows:

SOUTHWESTERLY    by Barton Street, fifty-two and twenty-three hundredths (52.23) feet, be the same more or less;

NORTHWESTERLY    by lands now or formerly of Ward Estate, Dearborn, Very Estate and Edgerly, one hundred sixty-nine (169) feet, be the same more or less;

NORTHEASTERLY    by lands now or formerly of Scholler and of Fernanrd, fifty-five and eighteen hundredths (155.18) feet, be the same more or less; and

SOUTHWESTERLY    by land now or formerly of Harrington previously McNulty, one hundred fifty-two and forty hundredths (152.40) feet to the point of beginning.

Containing by estimation 8,423 square feet.

Being the same premises conveyed to the Grantors herein by Deed of Albert J. Belisle dated July 14, 1986 and recorded with the Essex South District Registry of Deeds in Book 8392, Page 227.

5 Barton Street, Salem, Massachusetts 01970

The record title to the above described real estate stands with name of ...........................................

Henry Babineau, Trustee of Five Barton Street Salem Realty Trust...........................................

_____
Deputy Sheriff

A true copy of so much of my return as relates to said attachment.

Attest: _____
Deputy Sheriff

# EXHIBIT E

## COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| ESSEX, ss. | SUPERIOR COURT<br>CIVIL ACTION NO. 6-1855B |

TD BANKNORTH, N.A., f/k/a  
BANKNORTH, N.A., SUCCESSOR BY  
MERGER TO WARREN FIVE CENTS  
SAVINGS BANK,  
        Plaintiff

v.

GUY M. BABINEAU and  
TERESA M. BABINEAU,  
        Defendants

**STIPULATION**

NOW COME the plaintiff, TD Banknorth, N.A., f/k/a Banknorth, N.A., successor by merger to Warren Five Cents Savings Bank, and the defendants, Guy M. Babineau and Teresa M. Babineau, and stipulate that said defendants will not sell, lease, convey, mortgage, encumber or transfer any legal, equitable or beneficial interest they hold in any real estate in the Commonwealth of Massachusetts, including but not limited to property located at 5 Barton Street in Salem, Massachusetts, until further order of this Court.

The parties stipulate that the Court may enter this Stipulation as an order of the Court.

REGNANTE, STERIO
& OSBORNE LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
11 EDGEWATER PLACE
SUITE 630
EFIELD, MA 01880-6210

TEL (781) 246-2525

TD BANKNORTH, N.A., f/k/a BANKNORTH, N.A.,
SUCCESSOR BY MERGER TO WARREN FIVE
CENTS SAVINGS BANK,
By its attorney,

Date: 10/23/06    _____
DAVID J. GALLAGHER - BBO NO. 183120
REGNANTE, STERIO & OSBORNE LLP
401 Edgewater Place, Suite 630
Wakefield, MA 01880-6210
(781) 246-2525


GUY M. BABINEAU and
TERESA M. BABINEAU,
By their attorney,

Date: 10/17/06    _____
ROBERT A. MUNROE - BBO NO. 361290
81 Washington Street
Salem, MA 01970
(978) 745-7575

REGNANTE, STERIO
& OSBORNE LLP
ATTORNEYS AT LAW
GEWATER OFFICE PARK
01 EDGEWATER PLACE
SUITE 630
EFIELD, MA 01880-6210

TEL (781) 246-2525